**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4054

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYMIR WIGFALL, a/k/a Dolla,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:20-cr-00112-FL-1)

Submitted: February 17, 2022                    Decided: February 22, 2022

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Walter Hoytt Paramore, III, LAW OFFICES OF W. H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tymir Wigfall pled guilty, without a plea agreement, to conspiracy to possess with the intent to distribute and distribution of heroin and fentanyl, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; two counts of distribution of fentanyl and carfentanil, 21 U.S.C. § 841(a)(1), (b)(1)(C); distribution of heroin and fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(C); distribution of fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(C); distribution of fentanyl and aiding and abetting, 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2; employing, hiring, or using a person under 18 years of age to distribute fentanyl, 21 U.S.C. § 861; and distribution of fentanyl and heroin and aiding and abetting, 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 2. The district court sentenced Wigfall to a total of 120 months' imprisonment. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the reasonableness of Wigfall's sentence, specifically, whether the district erred in (1) granting the Government's oral motion at sentencing for an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3(a) (2018) without requiring written notice, and (2) failing to make adequate findings to warrant the departure. Although informed of his right to file a supplemental pro se brief, Wigfall has not done so. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's advisory Sentencing Guidelines range. *Id*. If a sentence is free

2

of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.*

In reviewing a sentence outside the original Guidelines range, we must "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). A district court is permitted to depart upwardly from the Guidelines range based on the inadequacy of a defendant's criminal history category when "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.

As an initial matter, we conclude that the district court did not err, much less plainly so, in granting the Government's oral motion for departure under USSG § 4A1.3(a) because the presentence report notified Wigfall of this potential upward departure prior to sentencing. *See* Fed. R. Crim. P. 32(h) ("Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure."); *see also Irizarry v. United States*, 553 U.S. 708, 714-15 (2008) (discussing Rule 32(h) notice requirement for sentencing departures).

Furthermore, we conclude that Wigfall's sentence is procedurally and substantively reasonable. The district court provided a well-reasoned explanation for the departure based on Wigfall's three unscored felonies and his continuous, dangerous criminal conduct

involving drugs, indicating a likelihood of recidivism. *See United States v. Whorley*, 550 F.3d 326, 341 (4th Cir. 2008) (deferring to district court's application of USSG § 4A1.3 factors for upward departure, specifically, "[s]ubstantial underrepresentation of criminal history and likelihood of continuing criminal conduct . . . and prior similar conduct not resulting in criminal conviction" (internal quotation marks omitted)). We conclude that the district court's decision to grant an upward departure based on the substantial underrepresentation of Wigfall's criminal history was supported by the record. The district court further afforded counsel an opportunity to argue regarding an appropriate sentence and allowed Wigfall to allocute. The district court then weighed the 18 U.S.C § 3553(a) factors it deemed most relevant, particularly the need to protect the public from further crimes and to promote respect for the law, as well as Wigfall's undeterred criminal behavior and his use of juveniles in the instant offenses.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wigfall, in writing, of the right to petition the Supreme Court of the United States for further review. If Wigfall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wigfall. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4